### MARTIN GREEN *v.* JOHN KELTMERS.

[Abstract Kentucky Law Reporter, Vol. 2—312.]

**Occupying Claimants.**

> One in the occupancy of real estate under the belief that he owns it, relying upon a grant to his remote vendor, is entitled under the statutes to pay for improvements he placed upon such land.

### APPEAL FROM BELL CIRCUIT COURT.

March 8, 1881.

OPINION BY JUDGE HARGIS:

The judgment is not for 2,000 acres, but is for the land in controversy included in the 2,000-acre survey. The plea of limitation was not sustained, because the appellant had no actual occupancy of the land in question by settlement thereon for seven years before the commencement of the action.

But the court erred in not adjudging to the appellant the value of his improvements. The appellee and he claimed the land under different grants, and the appellant seems to have believed, as he had the right to do, that he was the owner by reason of the patent to his remote vendor, and in this state of case he was entitled, under Gen. Stat. (1879), Ch. 80, Art. 1, § 1, to pay for his improvements. *Fairbairn v. Means,* 4 Met. (Ky.) 323; *Proctor v. Smith,* 8 Bush (Ky.) 81.

The improvements were shown to be worth $150, from which should be deducted the sum of $25 for the rent of the land, as unimproved, by the appellant, and a judgment rendered in his favor for the remainder; and until the appellee shall pay the value of the improvements as indicated, the court will not cause possession to be delivered to him.

Wherefore the judgment is *reversed* and cause remanded with

directions to enter a judgment in pursuance of the terms of this opinion.

*L. Farmer, J. & J. W. Rodman, for appellant.*

*J. M. Unthank, for appellee.*